## CIRCUIT COURT OF STAFFORD COUNTY

Edna Carter

v.

Mazin Alayssami, D.M.D., P.C.,
f/k/a Kenneth Tralongo
and Associates, P.C.,
Mazin Alayssami,
Jean-Claude Kharmouche,
Terry L. Johnson,
Shehzad Sheikh,
Kenneth Tralongo,
Mazin Farah,
and Kamran Nikseresht

January 28, 2011

Case No. CL09-566

BY JUDGE CHARLES S. SHARP

This matter came before the Court upon presentation of evidence, submission of memorandum, and argument on pleas in bar filed on behalf of Defendants Dr. Terry L. Johnson, Dr. Jean-Claude Kharmouche, Dr. Shehzad Sheikh, Dr. Mazin Farah, Dr. Kenneth Tralongo, and Dr. Kamran Nikseresht, alleging that the negligent actions arising from alleged dental malpractice are barred by the two-year statute of limitations. In light of the offered nonsuits in the cases involving Drs. Tralongo and Sheikh, the issues presented in those matters are moot and will not be addressed by the Court. With respect to the issues arising from the arguments made with respect to the remaining Defendants, the Court finds that apart from particular factual differences, the principles in each of those cases are the same, and accordingly, the Court will address them in one analysis.

. Prior to addressing those positions, the Court must consider Plaintiff's opposition to the plea in bar filed on behalf Dr. Farah, alleging it to have been filed untimely. Having reviewed the pleadings and the arguments in light of the relevant Rules of the Supreme Court of Virginia, I find that Dr. Farah's plea in bar was timely filed. The Court cannot agree with the Plaintiff's interpretation of Rule 3:8(a) to suggest that the motion for a bill of particulars filed in that case did not constitute a responsive pleading. This argument is contrary to the explicit language of the rule. There is no requirement, implicit or otherwise, that all responsive pleadings be filed within that time frame. Indeed, some responsive pleadings may become appropriate only after further proceedings mandate a more pertinent response to a particular position.

Even if the Court were inclined to adopt the Plaintiff's position, Rule 1:19 allows for an extension of the filing times, and, upon consideration of all of the facts and circumstances in this case, the Court, in its discretion, would find good cause to allow for such an extension. The Plaintiff's motion to overrule Dr. Farah's plea in bar as untimely filed is denied.

This, of course, brings us to the resolution of the question as to whether Plaintiff's claims can survive an assertion that they are barred by the statute of limitations. As a factual matter, the Court finds as a consequence of evidence or stipulation that this suit was filed on May 8, 2009. Furthermore, the Court finds that the last date of the Plaintiff's treatment by each of these physicians is as follows: Dr. Kharmouche, July 17, 2002; Dr. Johnson, January 3, 2006; Dr. Farah, August 30, 2004; and Dr. Nikseresht, January of 2005. All of these dates fall well outside the two-year statute of limitations which inarguably applies if the last date of treatment by each of these doctors is found to be the controlling trigger.

The Plaintiff, however, urges the Court to read Virginia's "continuing treatment rule" to mean that the statute of limitations did not begin to run until March 13, 2008, at which time the physician-patient relationship with the practice relative to this particular care was terminated. Significantly, the Plaintiff argues that, even though individual physicians had ended not only treatment of this particular patient, but association with the practice entirely long before the cessation of care for the stated ailment, they are still liable under the "continuing treatment rule." This would be an extension of the rule as the Plaintiff herself notes in her memorandum in opposition to the pleas in bar. (Pleading filed September 13, 2010; Plaintiff's Opposition to Pleas in Bar, p. 8.) After reviewing the relative authorities and examining the underlying rationale for the so-called rule, the Court declines to accept such an extension.

I find persuasive the case of *Castillo v. Emergency Medicine Associates, P.A.*, 372 F.3d 643 (4th Cir. 2004), wherein the Court noted that:

[w]hen an individual is treated by more than one physician for the same ailment, that individual has a separate physician-patient relationship with each physician, and that continuing treatment doctrine applies separately to treatment by each physician. . . . The application of the continuing treatment doctrine requires more than the continuous treatment of a single ailment; the physician-patient relationship must be continuous as well.

*Castillo*, at 648-49.

The common sense interpretation of this language indicates that the Court's analysis must be two-pronged, finding both (1) a continuous treatment of a single ailment and (2) a continuous physician-patient relationship.

This Court does not have to address the first element because it finds that the second requirement has not been met. Pertinent authorities have held that a decision as to whether there has been a termination of a physician-patient relationship must be made on a consideration of the facts relevant to each individual doctor. The fact that multiple providers share the same employer (practice) is not dispositive. *Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979), and *Grubbs v. Rawls*, 235 Va. 607, 369 S.E.2d 683 (1988).

The Court does not find any of the factual discrepancies cited by the Plaintiff in her review of the authorities to be significant. Rather, the Court makes its analysis on the basis of the particular facts before it. Clearly, the physician-patient relationship between each of these doctors now before the Court and the Plaintiff had terminated long before the course of treatment at the hands of others ended. It is the termination of their individual services which controls. In urging the Court to find otherwise, the Plaintiff suggests that there are important policy considerations, some of which are included in the opinions, which warrant expansion of the "continuing treatment rule" to include all physicians who administer to a patient within a practice's continuous treatment regimen, in spite of the cessation of an individual physician-patient relationship.

The Court finds that those policy considerations are not necessarily served by adopting the position which the Plaintiff advances. The purpose of the "continuing treatment rule" is to ensure that a claim is not forwarded simply because there are multiple treatment contacts over a period of time by a physician within the context of the physician-patient relationship, any one of which contacts may have given rise to the alleged negligence. The key to this proposition, however, is that, while the treatments must be continuing and for the same ailment, the physician-patient relationship must also remain intact. While the rule exists to further ongoing treatment options between a doctor and his patient, it does not exist to impose upon

a doctor liabilities arising from a professional relationship after it has been terminated.

The rationale stated by the Plaintiff that the rule exists to discourage suits against a member of a treating practice while the patient seeks remedies for alleged negligence from the physicians in that practice is not served when the offending physician is no longer a member of that practice and not serving the patient. That is precisely the fact situation we have in these cases.

The Court notes that these policy considerations were also advanced in the case of *Bennett v. Coast Dental Services* (Circuit Court of the City of Alexandria, 2004), offered by the Plaintiff. The Court observes, however, that the opinion was rendered in 2004, the same year as the *Castillo* case. Inasmuch as the *Castillo* case is not cited, the Court may conclude that its findings and analysis were not available to the Circuit Court. Be that as it may, this Court, in light of all these things, finds that the physician-patient relationship between doctors Kharmouche, Johnson, Nikseresht, and Farah and the Plaintiff had all ended by January of 2006. That being the case, the pleas in bar are sustained and the suits against these defendants are dismissed. In addition, orders for nonsuit against Drs. Tralongo and Sheikh will be entered when offered.